## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tile Shop Holdings, Inc., | Case No.:  17-cv-0776 (ADM/TNL) |
| Plaintiff, | **DECLARATION OF ANTHONY J. ALT IN SUPPORT OF DEFENDANT ALLIED WORLD NATIONAL ASSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Allied World National Assurance Company, | |
| Defendant. | |

I, Anthony J. Alt, declare as follows:

1. I am an attorney with the law firm of Meagher & Geer, P.L.L.P., attorneys of record for Defendant Allied World National Assurance Company ("Allied"). I make this declaration in support of Allied's motion for summary judgment. I am admitted to practice law in Minnesota and before this Court.

2. Exhibits 1 through 33 referenced below are filed publicly and not under seal.

3. I attach as Exhibit 1 a true and correct copy of the consolidated amended complaint for *Beaver County Employees' Retirement Fund, et al. v. Tile Shop Holdings, Inc., et al.*, Case No. 14-cv-00786-ADM-TNL (D. Minn.) ("Securities Action"), which was Exhibit 1 to Allied's First Set of Requests for Admission to Tile Shop Holdings, Inc. ("TSHoldings") in this lawsuit.

4. I attach as Exhibit 2 a true and correct copy of TSHoldings' Amendment No. 2 to Form S-4 Registration Statement filed with the Securities and Exchange

Commission ("SEC") on July 31, 2012, and which was Exhibit 19 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

5. I attach as Exhibit 3 a true and correct copy of excerpts of TSHoldings' Form 10-K filed with the SEC for the fiscal year ended December 31, 2013, and which was filed as Exhibit 4 (ECF No. 286-4) in the Securities Action in support of TSHoldings' motion for summary judgment in that lawsuit.

6. I attach as Exhibit 4 a true and correct copy of excerpts of the transcript of the December 12, 2014 Securities Action motion to dismiss hearing, filed as ECF No. 118 in the Securities Action.

7. I attach as Exhibit 5 a true and correct copy of excerpts of the Securities Action July 28, 2016 Order granting class certification (Securities Action ECF No. 275).

8. I attach as Exhibit 6 a true and correct copy of excerpts of TSHoldings' Form S-4 Registration Statement filed with the SEC on June 29, 2012, and which was Exhibit 21 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

9. I attach as Exhibit 7 a true and correct copy of excerpts of TSHoldings' Amendment No. 1 to Form S-4 Registration Statement filed with the SEC on July 23, 2012.

10. I attach as Exhibit 8 a true and correct copy of the August 30, 2018 deposition transcript of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, and errata sheet.

11. I attach as Exhibit 9 a true and correct copy of the SEC's Notice of Effectiveness for TSHoldings' S-4 Form, effective August 2, 2012.

12. I attach as Exhibit 10 a true and correct copy of TSHoldings' Amendment No. 1 to Form S-1 Registration, filed with the SEC on December 10, 2012, and which was Exhibit 23 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

13. I attach as Exhibit 11 a true and correct copy of excerpts of TSHoldings' Form 10-Q filed with the SEC on November 9, 2012, for the quarterly period ended September 30, 2012, and which was Exhibit 26 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

14. I attach as Exhibit 12 a true and correct copy of excerpts of TSHoldings' Amendment No. 1 to Form S-1 Registration Statement filed with the SEC on June 3, 2013, and which was Exhibit 25 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

15. I attach as Exhibit 13 a true and correct copy of excerpts of Executive Edge Broad Form Management Liability Insurance Policy, policy number 01-031-79-34, policy period August 20, 2012 to August 20, 2013, that National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG") issued to TSHoldings.

16. I attach as Exhibit 14 a true and correct copy of Excess Directors & Officers Liability Insurance Following Form Policy, policy number 0307-7781, policy period August 20, 2013 to August 20, 2014, that Allied issued to TSHoldings.

17. I attach as Exhibit 15 a true and correct copy of Executive Edge Broad Form Management Liability Insurance Policy, policy number 01-310-11-22, policy period August 20, 2013 to August 20, 2014, that AIG issued to TSHoldings.

18. I attach as Exhibit 16 a true and correct copy of the Gotham City Research LLC report entitled "Tile Shop: Like Crazy Eddie's, but with an Undisclosed Related Party & a Chinese Twist," and which was filed as Exhibit 9 (ECF No. 286-9) in the Securities Action in support of TSHoldings' motion for summary judgment in that lawsuit.

19. I attach as Exhibit 17 a true and correct copy of the Stipulation of Settlement (ECF No. 381) filed January 13, 2017 in the Securities Action, and which was Exhibit 4 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

20. I attach as Exhibit 18 a true and correct copy of TSHoldings' Third Supplemental Answers to Allied's First Set of Interrogatories in this lawsuit.

21. I attach as Exhibit 19 a true and correct copy of TSHoldings' Amended Responses to Allied World's First Set of Requests for Admission.

22. I attach as Exhibit 20 a true and correct copy of excerpts the Securities Action Lead Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss filed September 26, 2014 in the Securities Action as ECF No. 100.

23. I attach as Exhibit 21 a true and correct copy of Exhibit 26 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of the October 14, 2016 Declaration of Leigh Behrman filed in the Securities Action as ECF No. 289.

24. I attach as Exhibit 22 a true and correct copy of excerpts of TSHoldings' answers and objections to Lead Plaintiffs' First Set of Interrogatories from the Securities Action.

25. I attach as Exhibit 23 a true and correct copy of excerpts of TSHoldings' post-effective Amendment No. 3 on Form S-1 to TSHoldings' Registration Statement on Form S-4 filed with the SEC on November 16, 2012.

26. I attach as Exhibit 24 a true and correct copy of excerpts of TSHoldings' secondary offering Form S-1 Registration filed with the SEC on November 28, 2012, and which was Exhibit 22 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

27. I attach as Exhibit 25 a true and correct copy of excerpts of the public version of the verified shareholder derivative complaint filed on April 10, 2015 in the lawsuit captioned *City of Haverhill Retirement System ex rel. Tile Shop Holdings, Inc. v. Rucker*, No. 10884-VCG (Del. Ch. Ct.), with the redactions as found in the publicly filed version.

28. I attach as Exhibit 26 a true and correct copy of the September 12, 2018 deposition transcript of Jed Schwartz.

29. I attach as Exhibit 27 a true and correct copy of a July 30, 2012 email from Allied's Harold Olave to Beth Watkins at RJF Agencies, attaching insurance quote (with prior acts exclusion).

30. I attach as Exhibit 28 a true and correct copy of Exhibit 17 to the August 8, 2018 deposition of Harold Olave taken in connection with this lawsuit, comprised of a July 30, 2012 email from Beth Watkins to Harold Olave, attaching a July 27, 2012 insurance quote (without a prior acts exclusion) from AIG.

31. I attach as Exhibit 29 a true and correct copy of an email chain ending August 17, 2012 between Harold Olave and Beth Watkins.

32. I attach as Exhibit 30 a true and correct copy of TSHoldings' Answers to Allied's Second Set of Interrogatories.

33. I attach as Exhibit 31 a true and correct copy of the Stipulation as to Authenticity of various documents, executed by both parties in this lawsuit.

34. I attach as Exhibit 32 a true and correct copy of excerpts of the Stipulation as to the Identification and Authenticity of Depositions from the Securities Action, executed by both parties in this lawsuit.

35. I attach as Exhibit 33 a true and correct copy of the Stipulation as to Authenticity and Admissibility of the Deposition of Robert Pellegrini, as executed by both parties in this lawsuit.

36. Exhibits 34 through 75 referenced below are filed under temporary seal.

37. I attach as Exhibit 34 a true and correct copy of The Tile Shop, LLC's Business Ethics Policy dated January 1, 2005, which was filed under seal as Exhibit 15 in support of TSHoldings' motion for summary judgment in the Securities Action.

38. I attach as Exhibit 35 a true and correct copy of excerpts of the confidential May 20, 2016 deposition transcript of Joseph Kinder taken in connection with the Securities Action.

39. I attach as Exhibit 36 a true and correct copy of excerpts of Exhibit 28 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk

Geadelmann, comprised of an October 13, 2016 Declaration of Robert A. Rucker in support of TSHoldings' summary judgment motion in the Securities Action.

40. I attach as Exhibit 37 a true and correct copy of Exhibit 12 to the confidential Octoboer 23, 2018 deposition of Dorsey & Whitney's Rule 30(b)(6) representative, Thomas Swigert, comprised of a January 25, 2014 investigation report by Dorsey & Whitney LLP.

41. I attach as Exhibit 38 a true and correct copy of a January 27, 2014 Press Release issued by TSHoldings.

42. I attach as Exhibit 39 a true and correct copy of Exhibit 2 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of the Delaware Secretary of State's certification of TSHoldings' filing of its certificate of incorporation on June 21, 2012.

43. I attach as Exhibit 40 a true and correct copy of the confidential verified consolidated stockholder derivative complaint in the consolidated derivative lawsuit captioned *In re Tile Shop Holdings, Inc. Stockholder Derivative Litigation*, No. 10884-VCG (Del. Ch. Ct., filed Aug. 5, 2015) ("Derivative Action").

44. I attach as Exhibit 41 a true and correct copy of Exhibit 7 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a June 8, 2012 Questionnaire completed by Robert Rucker.

45. I attach as Exhibit 42 a true and correct copy of TSHoldings' Prospectus filed on August 3, 2012 with the SEC under Rule 424(b)(3).

46.     I attach as Exhibit 43 a true and correct copy of excerpts of Exhibit 72 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of TSHoldings' December 12, 2012 Underwriting Agreement.

47.     I attach as Exhibit 44 a true and correct copy of Exhibit 73 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a June 24, 2014 letter from Scott A. Edelman to Wendy J. Wildung.

48.     I attach as Exhibit 45 a true and correct copy of excerpts of Exhibit 22 to the August 8, 2018 deposition of Harold Olave taken in connection with this lawsuit, comprised of Excess Directors & Officers Liability Insurance Following Form Policy, policy number 0307-7781, policy period August 20, 2012 to August 20, 2013, that Allied issued to TSHoldings, with accompanying cover email.

49.     I attach as Exhibit 46 a true and correct copy of Exhibit 37 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of an email chain ending July 27, 2012 from Michael Pontrelli to Dan Hanson, with an attached chart of insurance coverage.

50.     I attach as Exhibit 47 a true and correct copy of Exhibit 13 to the August 8, 2018 deposition of Harold Olave taken in connection with this lawsuit, comprised of a July 30, 2012 email from Harold Olave to Beth Watkins with accompanying insurance quote (without prior acts exclusion) from Allied.

51.     I attach as Exhibit 48 a true and correct copy of TSHoldings' Nov. 21, 2013 Board Minutes.

52. I attach as Exhibit 49 a true and correct copy of Exhibit 2 to the confidential Octoboer 23, 2018 deposition of Dorsey & Whitney's Rule 30(b)(6) representative, Thomas Swigert, comprised of the November 22, 2013 retainer agreement between Dorsey & Whitney LLP and TSHoldings' Audit Committee.

53. I attach as Exhibit 50 a true and correct copy of the complaint *Jeffrey Lagendyk v. Robert A. Rucker, et al.*, No. 1:13-cv-08160-KPF (S.D.N.Y., filed Nov. 15, 2013), and which was attached as Exhibit 17 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

54. I attach as Exhibit 51 a true and correct copy of the derivative action *David Thomson, derivatively and on behalf of Tile Shop Holdings, Inc. v. Homeister, et al.*, No. 12764 (Del. Ch. Ct., filed Sept. 22, 2016), which was attached as Exhibit 3 to Allied's First Set of Requests for Admission to TSHoldings in this lawsuit.

55. I attach as Exhibit 52 a true and correct copy of the December 20, 2013 reservation of rights correspondence from AIG's Charles Henderson to Timothy Clayton.

56. I attach as Exhibit 53 a true and correct copy of an email chain ending with a November 22, 2016 email from Matthew Boos to Greg Shinall.

57. I attach as Exhibit 54 a true and correct copy of Exhibit 11 to the September 6, 2018 deposition of Allied's David Levesque taken in his individual capacity, comprised of an October 15, 2015 letter from Mr. Levesque to Craig Hieserich, and copied to Kirk Geadelmann.

58. I attach as Exhibit 55 a true and correct copy of excerpts of the May 18, 2016 deposition Timothy Clayton taken in connection with the Securities Action.

59. I attach as Exhibit 56 a true and correct copy of Exhibit 9 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of an email chain including an October 22, 2012 email from Timothy Clayton to Mark Ritsche, Shauna Zwart, Jim Smith, Scott Wilgenbusch, and copied to Richard Segal.

60. I attach as Exhibit 57 a true and correct copy of Exhibit 17 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of an email chain including a November 6, 2012 email from Timothy Clayton to Kari Henry.

61. I attach as Exhibit 58 a true and correct copy of Exhibit 11 to the August 30, 2018 deposition of TSH's Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a November 13, 2012 email from Richard C. Segal to numerous recipients.

62. I attach as Exhibit 59 a true and correct copy of Exhibit 15 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a December 2012 email chain, ending with a December 6, 2012 forwarded email from Adam Suttin to Timothy Clayton.

63. I attach as Exhibit 60 a true and correct copy of Exhibit 19 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of the November 9, 2012 TSHoldings' Disclosure Committee Minutes.

64. I attach as Exhibit 61 a true and correct copy of excerpts of the July 22, 2016 deposition of Robert Pellegrini taken in connection with the Securities Action.

65. I attach as Exhibit 62 a true and correct copy of Exhibit 74 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a July 9, 2014 letter from Wendy J. Wildung to Scott A. Edelman.

66. I attach as Exhibit 63 a true and correct copy of excerpts of Exhibit 76 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of an April 10, 2015 confidential mediation statement from Wendy J. Wildung and David P. Pearson to Hunter R. Hughes.

67. I attach as Exhibit 64 a true and correct copy of excerpts Exhibit 77 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a January 13, 2016 confidential mediation statement from Wendy J. Wildung and David P. Pearson to the Honorable Joel A. Pisano.

68. I attach as Exhibit 65 a true and correct copy of excerpts of Exhibit 5 to the September 12, 2018 deposition transcript of Jed Schwartz taken in connection with this lawsuit, comprised of a January 15, 2016 letter from Scott A. Edelman to the Honorable Joel A. Pisano.

69. I attach as Exhibit 66 a true and correct copy of Exhibit 6 to the September 12, 2018 deposition transcript of Jed Schwartz, comprised of a November 23, 2016 email from Wendy J. Wildung to Jed M. Schwartz and Scott Edelman.

70. I attach as Exhibit 67 a true and correct copy of excerpts of Exhibit 85 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a January 27, 2017 confidential mediation statement from

11

Wendy Wildung and David Pearson to Robert A. Meyer in connection with the Derivative Action.

71. I attach as Exhibit 68 a true and correct copy of TSHoldings' November 14, 2013 press release regarding the Gotham City Research LLC Report.

72. I attach as Exhibit 69 a true and correct copy of Exhibit 63 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of a July 26, 2016 letter from AIG's Charles L. Henderson to Matthew T. Boos.

73. I attach as Exhibit 70 a true and correct copy of an email chain ending with a September 8, 2015 email from Craig Hieserich to Kourtni Danielson.

74. I attach as Exhibit 71 a true and correct copy of excerpts of the confidential October 23, 2018 deposition of Dorsey & Whitney LLP's Rule 30(b)(6) representative, Thomas Swigert.

75. I attach as Exhibit 72 a true and correct copy of an email chain ending with a December 10, 2013 email from Dan Hanson to Beth Watkins.

76. I attach as Exhibit 73 a true and correct copy of an email chain ending December 30, 2013 between Charles Henderson and Timothy Clayton.

77. I attach as Exhibit 74 a true and correct copy of Exhibit 21 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann, comprised of the January 27, 2014 TSHoldings Board of Directors' Meeting Minutes.

78. I attach as Exhibit 75 a true and correct copy of Exhibit 50 to the August 30, 2018 deposition of TSHoldings' Rule 30(b)(6) representative, Kirk Geadelmann,

comprised of an email chain ending with an August 27, 2016 email from Matthew Boos to Bjorn Honda, copied to Sheila McMath and Beth Watkins.

    I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 6, 2019                                s/Anthony J. Alt
                                                                           Anthony J. Alt