**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Tile Shop Holdings, Inc.,            Case No. 17-cv-776 (ADM/TNL)

           Plaintiff,

v.            **ORDER**

Allied World National Assurance Company,

           Defendant.

On April 3, 2019, the parties submitted a joint motion regarding continued sealing pursuant to Local Rule 5.6. (ECF No. 246). In that motion, the parties agreed that many documents should remain sealed because they were "designated as confidential pursuant to the Protective Order; quote or reference documents marked confidential; designated as confidential in another litigation; or designated as confidential by a nonparty." (ECF No. 247). Because the parties did not adequately describe the reasons why those documents merited protection from public filing, the Court struck that motion and ordered the parties to refile it. (ECF No. 247). The parties did so on May 10, 2019. (ECF No. 248).

In their new motion, the parties disagree as to whether several documents should remain sealed. For some, Plaintiff asserts they should remain sealed because they were filed under seal in a related litigation. (*See e.g.*, ECF No. 248, p. 4). For others, Plaintiff asserts the document should remain sealed because it was designated confidential by a third party. (*See e.g.*, *id.*, p. 7). For others, Plaintiff asserts the documents should remain sealed because they were designated as confidential in the underlying litigation. (*See e.g.*, *id.*, p.

9). Finally, for others, Plaintiff asserts the document either contains a confidentiality clause (*See e.g.*, *id*., p. 26) or proprietary information. (*See e.g.*, *id*., p. 40). Defendant asserts that these documents should be unsealed.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This is because the right of access "is fundamental to ensuring the public's confidence and trust in the judiciary." *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016 at *2 (D. Minn. May 9, 2018). This district has enacted Local Rule 5.6 to guide the consideration of a motion to keep documents filed with the Court under seal. The Local Rule emphasizes that though there is a presumption to public access to judicial records, that right is not absolute. L.R.D. Minn. 5.6 Advisory Committee's notes (2017). Instead, the Court must balance that interest against the moving party's interest in confidentiality. *See e.g., Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The advisory comments to Local Rule 5.6 make clear, however, that the purpose of the rule is to reduce the amount of information under seal.

In this case, the Court concludes that it is appropriate to seal documents that have been filed under seal in a related litigation. Likewise, the Court believes that it is proper to seal documents that Plaintiff has identified as containing confidentiality clauses, as well as those documents that Plaintiff claims contain proprietary information. There is sufficient information in the parties' joint sealing motion for the Court to make this determination.

The Court cannot, however, reach the same conclusion regarding the documents that Plaintiff wishes to have sealed simply because they or a third party designated them as confidential in this litigation or in a related litigation. As the Court noted in its order striking the previous joint motion, "[s]imply stating that the document was designated as confidential under a protective order issued or pursuant to the parties' agreement is insufficient." The parties must identify what in those documents merits confidential treatment. *See e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (permitting protective order related to trade secret or confidential research, development, or commercial information).

The Court has, however, reviewed each document that Plaintiff wishes to have sealed because they or a third party designated them as confidential in this litigation or in a related litigation. It is apparent from the Court's review that some of those documents merit continued sealing. The Court will order that those documents remain sealed. For all other documents, where the need for continued sealing is not apparent from review of the document, the Court will order those documents unsealed.

Therefore, upon careful consideration of the motions filed and the related sealed documents, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing Regarding Allied World National Assurance Company's and Tile Shop Holdings, Inc.'s Motions for Summary Judgment, (ECF No. 248), is **GRANTED IN PART and DENIED IN PART** as follows:

1. The Clerk is directed to keep these documents sealed: ECF Nos. 73, 78, 82, 103, 107, 146, 154, 156, 161, 165, 167, 171, 172, 173, 175, 176, 177, 180, 181, 183, 184, 185, 186, 187, 188, 189, 190, 194, 208, 213, 228, 229, and 236.

2. The Clerk is directed to unseal these documents immediately: ECF Nos. 76, 77, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 147, 149, 150, 152, 153, 155, 157, 158, 159, 160, 162, 163, 164, 166, 168, 169, 170, 174, 179, 192, 193, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 211, 212, 214, 215, 221, 222, 223, 224, 225, 226, 227, 230, 231, 232, 233, 234, and 235.

Date: May 16, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Tile Shop Holdings, Inc. v. Allied World National Assurance Company*

Case No. 17-cv-776 (ADM/TNL)